

**FILED & ENTERED**

**OCT 05 2017**

**CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK**

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

In re:

PETER W. BARTHELMESS and
KIM E. BARTHELMESS,

Debtors.

Case No. 2:16-bk-12723-RK

Chapter 7

**ORDER DENYING CHAPTER 7 TRUSTEE'S MOTION FOR RECONSIDERATION AND VACATING HEARING**

Date: October 10, 2017
Time: 2:30 p.m.
Courtroom: 1675

Pending before this court is the Motion of Chapter 7 Trustee ("Trustee") Rosendo Gonzalez for Reconsideration, or in the Alternative, to Set Aside the August 31, 2017 Order Sustaining Mustapha Sanusi's Objection to the Trustee's Final Report Denying Without Prejudice the Approval of the Final Report ("Motion") (Docket No. 64) which has been noticed for hearing before the undersigned United States Bankruptcy Judge on October 10, 2017 at 2:30 p.m.

Having considered the Motion, the court determines that pursuant to Local Bankruptcy Rule 9013-1(j)(3), oral argument on the Motion is not necessary, dispenses with it, vacates the hearing on the Motion, takes the Motion under submission and rules as follows:

1. The Motion is denied.

2. Trustee argues that the Motion should be granted under Federal Rules of Civil Procedure 60(b)(1) and 60(6) for "excusable neglect" based on his inadvertent failure to appearance at the July 25, 2017 hearing on the Trustee's final report. Trustee argues that the court either: (1) set aside its prior order and enter an order overruling Creditor Sanusi's objection to his Final Report and approving the Final Report; or (2) set aside its prior order and allow Trustee to address and argue against Creditor's objection as lacking in legal or factual merit. The court declines to grant either form of relief sought by Trustee.

3. First, Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6) are inapplicable because the court's prior order is not a final judgment or order within the purview of these rules as the prior order was for denial of approval of the Final Report without prejudice. Trustee is rather seeking reconsideration of an order before a final judgment or order, which is not covered by a Federal Rule of Civil Procedure, but within the court's inherent power to reconsider and modify its interlocutory orders prior to entry of judgment. *See* 3 O'Connell and Stevenson, *Rutter Group Practice Guide: Federal Civil Procedure Before Trial,* ¶ 12:158 at 12-89 (2017), *citing Smith v.*

*Massachusetts,* 543 U.S. 462, 475 (2005). "However, reconsideration is an 'extraordinary remedy to be used sparingly.' Absent highly unusual circumstances, a motion for reconsideration will not be granted 'unless the district court is presented with *newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.*" Id., citing and quoting inter alia, Kona Enterprises, Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000)(emphasis added; internal quotation marks omitted). None of these circumstances (i.e., newly discovered evidence, commission of clear error or intervening change in controlling law) are present here, so denial of reconsideration is warranted here.

4. Second, assuming for the sake of argument that the "excusable neglect" standard under Federal Rule of Civil Procedure 60(b)(1) applied here, it is not met. Trustee stated in his declaration in support of reconsideration that there is "excusable neglect" here because he checked the court's tentative ruling prior to the hearing, but did not see any posted, and based on the court's alleged past practice of not requiring a hearing on a Chapter 7 trustee's final report, he erroneously and inadvertently assumed that the court would approve his final report without requiring an appearance. Trustee's declaration lacks merit on several counts: (1) as he acknowledged in his papers, the court posted a tentative ruling for the matter treating it as a contested matter in light of Creditor's filed objection to the Final Report and requiring appearances on the day before the hearing at 4:39 p.m., consistent with its regular practice and procedure to post tentative rulings by 4:00 p.m.

on the day before the scheduled hearing, which practice and procedure is posted on the court's website; (2) even if Trustee was justified in overlooking the court's posted tentative ruling, he needed to appear at the hearing under Local Bankruptcy Rule 9013-1(j)(1) as appearances at hearings on motions, such as his motion to approve the Final Report, is mandatory unless excused by the court in advance, which was not given here; (3) the court's ruling denying the motion to approve the Final Report is consistent with Local Bankruptcy Rule 9013-1(j)(1) that failure of counsel or an unrepresented party, such as Trustee, to appear, unless excused by the court in advance, may be deemed consent to a ruling upon the motion adverse to that counsel's or unrepresented party's position, thus there was no clear error here; (4) Trustee's understanding that the court has some alleged past practice of not requiring a hearing on a Chapter 7 trustee's final report is faulty and not based on this court's experience and understanding, particularly here since Creditor filed an objection to the Final Report on July 5, 2017, at least 14 days before the hearing on July 25, 2017, which put Trustee on notice that he needed to appear and address the objection (however, the court notes that Creditor failed to attach a proof of service to the objection, but the Bankruptcy Notice Center notice for the objection indicated that Trustee was electronically mailed with notice on July 5, 2017) since due to the objection, the matter of approval of the Final Report was a contested matter under Federal Rule of Bankruptcy Procedure 9014; and (5) the substance of Trustee's motion for reconsideration goes to the merits of an objection that Trustee has to the

claim of Creditor Sanusi, which is a matter not before the court as yet and should be the subject of a separate motion objecting to claim under Federal Rule of Bankruptcy Procedure 3007, and thus, is not about reconsideration of the court's prior order denying approval of the Final Report.  Thus, the court is not in a position to approve the Final Report on this motion for reconsideration because a party in interest, Creditor Sanusi objects to the Final Report, which makes it a contested matter under Federal Rule of Bankruptcy Procedure 9014.

5. Third, Trustee can simply file an amended motion to approve his Final Report, at which time, Creditor Sanusi would likely assert another objection, and the matter will have to be treated as a contested matter to address the treatment of his claim.  Trustee's instant motion for reconsideration is overreaching here because he needs to deal with the dispute over the treatment of Creditor Sanusi's claim, and the court will not allow Trustee to make an end run around the contested matter procedures of Federal Rule of Bankruptcy Procedure 9014 by simply asking for reconsideration of the order denying approval of the Final Report, which did not address this dispute.  Trustee should not be rewarded for his lack of attentiveness to the court's posted tentative ruling or Creditor Sanusi's filed objection to Trustee's prior motion and for his disregard of the court's procedural requirements for mandatory attendance at hearings unless excused by the court in advance, no matter how innocent he thinks he is.  Trustee is not prejudiced by this ruling by requiring him to follow the applicable procedures and refile and renotice an

amended motion for approval of the Final Report, and/or an objection to the claim of Creditor Sanusi as the case may not be ready for approval of a final report without first litigating the matter of Trustee's apparent objection to Creditor Sanusi's claim.

6. The hearing on the Motion on October 10, 2017 at 2:30 p.m. is vacated, and no appearances are required.

IT IS SO ORDERED.

###

Date: October 5, 2017

Robert Kwan
United States Bankruptcy Judge